60

LIQUOR SALESMEN, BOTTLE & BEVERAGE EMPLOYEES' UNION, LOCAL No. 80, A. F. L., and others, Respondents, vs. YAHR-LANGE LIQUOR, INC., Appellant.*

*May 25—July 1, 1948.*

* Motion for rehearing denied, with $25 costs, on September 14, 1948.

*Maurice A. McCabe* of Milwaukee, for the appellant.

For the respondents there was a brief by *S. G. Lippman* of Chicago, Illinois, and *Padway, Goldberg & Previant,* attorneys, and *David Previant* of counsel, all of Milwaukee, and oral argument by *Mr. Previant*.

RÓSENBERRY, C. J.   It is the contention of the Liquor Company that the arbitrators in making the award for services rendered prior to July 1, 1945, exceeded their powers, and seek to have that part of the award complained of vacated.

Under the contract entered into between the parties to this controversy we can see no reason for disturbing the conclusion of the board of arbitration.   As was pointed out, if the Liquor Company did not intend to assume liability for retro-

active pay, why was the date June 15, 1944, inserted? The language is:

"The commission rates of this contract shall become effective on 15 day of June, 1944, and employees shall be entitled to retroactive pay from such date in accordance with the provisions of this contract."

By paragraph 15 of the contract each of the parties agreed that it would comply with the provisions of the arbitration award. It may well be, as counsel argues, that prior to the execution of the contract there was no liability on the part of the Liquor Company for retroactive pay for the period they were employees of the Drug Company. The Liquor Company is liable under its contract to make payment in accordance with its terms, although prior to the execution of the contract no legally enforceable liability may have existed against it.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.